**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE M. JIRON,

      Petitioner - Appellant,

v.

JANICE B. DAVIDSON; STEVEN
BERNARD; LAURIE A. BOORAS;
RUSSELL S. CASEBOLT; JOHN D.
DAILEY; J. TERRY FOX; DAVID M.
FORMAN; RICHARD L. GABRIEL;
DENNIS A. GRAHAM; ROBERT
HAWTHORNE; JERRY N. JONES;
RUSSELL CARPARELLI; JOHN R.
WEBB; DIANA L. TERRY;
DAVID M. TAUBMAN; ROBERT M.
RUSSEL; ARTHUR P. ROY;
GILBERT ROMAN; DAVID J.
RICHMAN; GALE T. MILLER;
ALAN M. LOEB; NANCY
LICHTENSTEIN,

      Respondents - Appellees.

No. 14-1004
(D.C. No. 1:13-MC-00202-LTB)
(D. Colorado)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

State prisoner Lawrence M. Jiron, proceeding *pro se*, seeks to "appeal" the dismissal of his action purporting to criminally prosecute numerous Colorado state officials.[1]  The district court dismissed the action because Mr. Jiron "lacks standing to file and prosecute a criminal action."  Order of Dismissal at 2; R. Vol. 1 at 21.

The district court considered this case to be a "miscellaneous case."  The gist of Mr. Jiron's action against the Defendants is that he (Mr. Jiron) was prosecuted, convicted and sentenced pursuant to Colorado statutes which he claims are "worthless," invalid, and fail to "carry the force of law" because they do not "contain an attached enacting clause" under the Colorado Constitution. Complaint at 3; R. Vol. 1 at 6.  Throughout his somewhat rambling pleadings, Mr. Jiron repeatedly "demand[s] to be released from false imprisonment and kidnapping."  Doc. at 2; R. Vol. 1 at 12; see also Order of Release at 2; R. Vol. 1 at 18 (seeking to "remove the body of the complainant from the Colo. Dept. of Corrections and take him to a place of his choosing.").  Thus, his complaint should have been brought as an application for a writ of habeas corpus under 28 U.S.C. § 2241 because it is an attack on the execution of his sentence.  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); McIntosh v. United

---

[1]This case is virtually identical to another case filed by Mr. Jiron against other Colorado state officials.  See Jiron v. Thorson, No. 13-1524 (10th Cir. March _, 2014).  While the two cases were filed separately in the district court and on appeal, we treat them identically, as did the district court.

States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (quotation omitted)).

A state prisoner must obtain a certificate of appealability ("COA") before pursuing a habeas petition. Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); 28 U.S.C. § 2253(c)(1)(A). We accordingly construe Mr. Jiron's "appeal" as a request for a COA. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which is accomplished when an applicant shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). We note also that, in 1998, Mr. Jiron was permanently enjoined from filing *pro se* civil complaints in the District Court for the District of Colorado without first seeking leave of court.

Mr. Jiron's claims are completely frivolous. We accordingly deny his request for a COA and dismiss this matter. We directed Mr. Jiron to file an application under 28 U.S.C. § 1915 seeking to proceed on appeal without prepayment of fees. To proceed on appeal without prepayment of fees (that is, *in*

-3-

*forma pauperis*), "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). An argument "is frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). So is an appeal. As stated, Mr. Jiron's appeal is frivolous, as were his claims in district court. He must immediately pay the full amount of fees to the clerk of the district court. We caution Mr. Jiron that further frivolous filings in this court may result in sanctions, as have already been imposed on him in the district court.

For the foregoing reasons, a COA is DENIED and this matter is DISMISSED. Mr. Jiron's request to proceed on appeal *in forma pauperis* is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge